[Civ. No. 5832. Third Appellate District.—March 18, 1937.]

HENRY JAMES COUCH et al., Plaintiffs, v. NORMAN E. McGREGOR et al., Respondents; M. W. BEALE et al., Trustees, etc., Appellants.

Walter Gould Lincoln for Appellants.

Carlo S. Morbio and Carl A. Onkka for Respondents.

THE COURT.—This cause is before us upon motion of the respondents to dismiss an appeal taken by M. W. Beale and Walter Gould Lincoln, in their respective capacities as trustees of a certain so-called common law trust.

The appeal purports to be taken from two orders made by the superior court on the 13th day of November, 1936, striking from the records of the court a demurrer to, and also a certain motion to strike out portions of an answer filed in said cause. The demurrer was to an answer filed by Norman E. McGregor and C. J. Carey, administrator with the will annexed of the Estate of Sarah Virginia Heintzen, and also, to strike out certain portions of the answer filed by said parties.

The motion to dismiss the appeal was made on the ground that no appeal lies from the order of the court striking such papers from the files in said cause.

Section 963 of the Code of Civil Procedure schedules the orders from which an appeal may be taken. Neither the action of the court in relation to a demurrer nor a motion to strike out portions of a pleading is mentioned in said section.

In 2 California Jurisprudence, page 156, the rule is thus stated: ''It is well established that no appeal will lie from an order sustaining a demurrer to a portion or the whole of a pleading, or dismissing it in whole or in part. Neither will an appeal lie from the order overruling a demurrer. Such orders are interlocutory in character, and are not mentioned among those in the statute which are made the subject of appeal.'' On the same page, *supra,* the rule is set forth showing that such orders are reviewable on appeal from the final judgment.

The clerk's certificate in this cause shows that the only proceedings had in relation to the two orders above mentioned is the ruling of the court just stated. No final judgment has been entered.

In the case of *Jordan* v. *Associated Discount Corp.,* 10 Cal. App. (2d) 96 [51 Pac. (2d) 1108], this court had before it a similar question, and in dismissing the appeal in that cause, used the following language: "This is an appeal from the order of the Superior Court sustaining defendant, Harold Fisch's motion to strike and demurrer to plaintiff's second amended complaint, without leave to amend. No appeal lies from such order. (Sec. 963, Code Civ. Proc.; *Braren* v. *Reliable Carpet Works, Inc.,* 125 Cal. App. 489 [13 Pac. (2d) 972], and cases cited.) Appeal dismissed."

To the same effect is the case of *Yandell* v. *City of Los Angeles,* 214 Cal. 234 [4 Pac. (2d) 947]; see, also, the case of *Craig* v. *San Fernando Furniture Co.,* 89 Cal. App. 167 [264 Pac. 784]. Other authorities might be cited but the foregoing are conclusive.

The respondents' motion is granted and the appeal is dismissed.