[Civ. No. 11394. First Appellate District, Division One.—February 3, 1941.]

PETER A. MacINTYRE et al., Appellants, v. THE RETIREMENT BOARD OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

J. Joseph Sullivan for Appellants.

John J. O'Toole, City Attorney, and Reynald J. Bianchi, Deputy City Attorney, for Respondents.

WARD, J.—An appeal by petitioners from a judgment denying their application for a writ of mandate to compel the Retirement Board of the City and County of San Francisco to permit their retirement on pension as lieutenants of the police department.

At the time of filing the application, each officer had reached the retirement age, with sufficient years of service to his credit, and had made all necessary contributions to the retirement system pension fund. Three days after the application of MacIntyre, and thirteen days prior to that of

Mignola, to be retired from active service, a verified complaint setting forth charges of conduct unbecoming an officer, disobedience of orders and insubordination was filed against each petitioner with the Board of Police Commissioners. Both officers were suspended, and tried before the police commission. Each was found guilty of the charges and dismissed from the department.

The question involved is whether an officer otherwise eligible for a pension and who makes an application therefor, but who is dismissed for misconduct by the police commission prior to final action on his application, is entitled to have such application granted. The sufficiency of the verified complaint, the weight of the evidence or the propriety of the order of dismissal are not involved in this proceeding.

Petitioners contend that their right to a pension vested upon attaining the required age, with necessary years of service, and the payment of proper contributions to the fund; in other words, that the right to pension vests upon the filing of the application and cannot be defeated by dismissal thereafter. They rely primarily upon *O'Dea* v. *Cook*, 176 Cal. 659 [169 Pac. 366] and *Kavanagh* v. *Board of Police P. F. Commrs.*, 134 Cal. 50 [66 Pac. 36], which deal with pension rights as affected by subsequently enacted legislation. Petitioners' rights have nothing to do with subsequent legislation, but rather with the question whether such rights have been forfeited as the result of misbehavior.

It is assumed that upon acceptance of a position as an officer or employee of a governmental agency, an appointee will perform his duties conscientiously and faithfully. In some instances an oath is required. When it is not required, efficiency and fidelity in the performance of duty are nevertheless paramount considerations. It is never contemplated that an officer or employee guilty of conduct warranting dismissal should continue in office or be permitted to receive other emoluments offered as an inducement to honesty and efficiency. The right to a pension is not indefeasible, and an employee, though otherwise entitled thereto, may not be guilty of misconduct in his position and maintain his rights notwithstanding such dereliction of duty.

In *Douglas* v. *Pension Board*, 75 Cal. App. 335, 340 [242 Pac. 756], the court said: ''The considerations upon which a government adopts, as a part of its administrative policy, a

system for the pensioning of those who have continuously, for a specified period of years, served the government in the performance of public civil duties, both as officers and employees, are, in a large measure, these: 1. To encourage those public officers or employees who have by experience or otherwise demonstrated peculiar fitness for the performance of the public services to which they have been assigned to continue in the service of the government and at all times faithfully discharge the duties involved in such service. The hope held out for future additional reward or compensation for their public services to that which they receive concurrently with the period during which they are actually and actively engaged in performing such services is conducive to uniform faithfulness and efficiency in discharging the duties which their offices or employments have exacted.''

In *People* v. *Greene,* 87 App. Div. 589 [84 N. Y. Supp. 673, 674], the court said: ''The pension roll is a roll of honor—a reward of merit, not a refuge from disgrace; and it would be an absurd construction of the language creating it to hold that the intention of the Legislature was to give a life annuity to persons who, on their merits, as distinguished from mere time of service, might be dismissed from the force for misbehavior.''

■ Without regard to the time of the vesting of pension rights, it is an implied condition of employment, and hence a condition of such vesting that the duties of the employee shall have been faithfuly performed; it is immaterial whether the proper authorities discover the misconduct and file charges before or after the application for a pension so long as the charges are filed before an order is made by the Retirement Board. The filing of the application does not *ipso facto* retire the applicant. It is necessary that an order of retirement be duly made. Up to that time the police officer, whether under suspension or in actual service, is under the control and jurisdiction of the police commission. If, prior to an order of the Retirement Board he is dismissed upon charges of conduct unbecoming an officer, he is not entitled to ''a pension'' as that term is used in the charter.

■ In the closing brief, appellants stress the point that ''respondents refused . . . to act upon the application''. The contention is that the Retirement Board must act. We agree that it is the duty of such board to act either in favor of

petitioners or against them, unless in effect it is legally precluded from acting, which is the condition here. An alternative writ was issued directing respondents to grant the pensions or show cause before the court at a designated time why they had not done so. Respondents filed an answer to the petition for the writ; petitioners demurred thereto and the demurrer was overruled. An agreed statement of facts was filed, with a stipulation waiving findings of fact and conclusions of law, and the matter submitted. Judgment was entered for respondents, and petitioners appeal. Until the appeal is determined, respondents are not in a position to act on the application for retirement.

Each side refers to the fact that unless services are discontinued by death or retirement, the officer or employee is entitled upon demand within a specified period to the "accumulated contributions". Appellants have not permitted respondents "to act". No demand for accumulated contributions appears in the record, and the matter not being an issue on this appeal, it is not necessary to determine any question in relation thereto.

Other questions of a technical nature have been presented by the petitioners but the decision arrived at on the subject discussed renders other consideration unnecessary.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 3, 1941.