## BUCHER *v.* OBER, POLICE COMMISSIONER

[No. 151, October Term, 1953.]

*Decided May 25, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*E. Paul Mason, Jr.,* with whom was *David J. Markoff* on the brief, for the appellant.

*Charles McC. Mathias, Jr.,* Assistant Attorney General, with whom was *Edward D. E. Rollins,* Attorney General, on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment for costs. resulting from an order sustaining, without leave to amend, a demurrer to a petition for a writ of *mandamus.*

Appellant, Joseph R. Bucher, was employed by the Police Department of Baltimore City on February 17, 1933, as a patrolman and continued in active duty with that Department until January 11, 1951. He was examined by the Department's physicians on January 4, 1951, at which time he was a Lieutenant, and as a result thereof was found physically unable to perform police duties. On January 11, 1951, he was retired pursuant to Section 591 of the Baltimore City Charter, Flack (1949 Edition), Chapter 703 of the Acts of 1947.

Appellant was indicted in September, 1951, after his retirement, by the grand jury of Baltimore City on charges of bribery, conspiracy and malfeasance. He was convicted and on December 19, 1951, sentenced to imprisonment in the Maryland Penitentiary for a term of six years. The offenses for which he was convicted

were committed while he was an active member of the Police Department and before his retirement. Appellant's pension was suspended in September, 1951, at the time of his indictment, by the appellee, Beverly Ober, Police Commissioner of Baltimore City. He has not received any pension since that date. On May 18, 1953, a hearing was held before the appellee under the provisions of Sections 532 and 543 of the Baltimore City Charter. As a result the Police Commissioner read the following order: "I sincerely regret the unpleasantness of a situation of this character but from the record, in view of the conviction in Criminal Court my action in directing that the retirement allowance be suspended indefinitely is affirmed. The record also shows that some instances of misconduct involving the charges occurred while Mr. Bucher was an active member of this Department and had they been known, the order of retirement would not have been issued. I have no alternative but to direct that General Order No. 6693 authorizing the retirement of Lieutenant Bucher be vacated and that he be dismissed from the Department."

On June 20, 1953, the appellant filed a petition for *mandamus* alleging the facts hereinbefore recited; that under Section 589 of the Baltimore City Charter, it was provided that the pension "shall be for the natural life of the retired or disabled officer, and shall not be revoked, repealed or diminished except for causes therein provided". He asked that a writ of *mandamus* be issued against the appellee commanding him to reinstate the pension retroactively from September, 1951. From an order sustaining a demurrer to that petition and the judgment for costs the appellant appeals.

Section 532, *supra,* provides in part: "(a) The Police Commissioner shall have the power to remove any police officer or officer of police, or any detective, for any violation of any rule or regulation which he may make and promulgate to the said police force, officers of police or any detective." Section 543, *supra,* provides in part that employees of the Police Department "* * * shall

be retained on the force during good behavior and efficiency by the said Police Commissioner of the City of Baltimore and may be removed by the said Police Commissioner for official misconduct and inefficiency, and then only after written charges preferred, specifying the time, place and character of such misconduct and inefficiency, and trial had before the Police Commissioner, or before the members of the police force designated by the Police Commissioner to hear evidence in complaints against members of the department, as provided in Section 532 of this Article, after reasonable notice thereof."

Section 591 of the Baltimore City Charter, *supra,* empowers the Commissioner to retire any member of the Department and pay him a pension "* * * provided, however, he shall have served faithfully not less than sixteen years as such officer of police, policeman, detective, clerk or turnkey, or shall have been permanently disabled in the discharge of his duty as such officer of police, policeman, detective, clerk or turnkey." It could hardly be said that the appellant had "served faithfully" when he had engaged in the serious crimes for which he was convicted. Inasmuch as the appellant was convicted of conspiracy and of malfeasance in office from June 14, 1948, through September 19, 1951, and of demanding and accepting bribes on July 14, 1951, he having joined the police force on February 17, 1933, he had been on the police force for less than sixteen years when he ceased to serve "faithfuly".

The appellant admits that, if during his active service he had been convicted of the aforesaid offenses, he would never have received his pension. He here succeeded in concealing his criminal actions until after his retirement. Had the apellee known of appellant's criminal actions before retirement, it would have been his duty then to have conducted a hearing as provided by Section 532 and 543, *supra,* and appellant would have been removed. Appellee did this on May 18, 1953, after the offenses were revealed and after appellant was proven guilty of

the offenses charged. The appellant could hardly contend that because he succeeded in concealing his guilt from the Police Commissioner, such concealment should inure to his benefit and that the Commissioner is prevented from reopening the retirement action of January 11, 1951, when it is proven that he had committed serious criminal offenses before that date and during active service in violation of Sections 532 and 543, *supra,* which provide for removal from the Department. In *McFeely v. Board of Pension Commissioners of City of Hoboken,* (1948), 1 N. J. 212, 62 A. 2d 686, a case very similar to the instant case, the Supreme Court of New Jersey said in reference to the inherent power of the Board to reconsider the granting of a pension to the Chief of Police of Hoboken: "This power arises by necessary implication to serve the statutory policy. Inadvertent or premature or clearly erroneous action is not put beyond corrective measures by the tribunal itself. Apart from the inherent power of judicial tribunals, on their own motion, to correct injustice and prevent fraud or imposition upon the law, there is the added consideration that conviction of a misdemeanor touching the administration of one's office, or which involves moral turpitude, results in a forfeiture of the office." See also *Greystone Hotel Corp. v. Coster,* 87 N. Y. S. 2d 86; *Stone v. Dugan Bros.,* 1 N. J. Superior Ct. 13, 61 A. 2d 740; *People v. McBride,* 226 N. Y. 252, 123 N. E. 374. It was said in *Zoning Appeals Board v. McKinney,* 174 Md. 551, 199 A. 540, 117 A. L. R. 207: "It may be conceded without discussion that the Board [of Zoning Appeals of Baltimore City] has the right to correct errors in its decisions caused by fraud, surprise, mistake or inadvertance, which any agency exercising judicial functions must have, to adequately perform its duties." See also *Dal Maso v. County Commissioners,* 182 Md. 200, 34 A. 2d 464; *Heaps v. Cobb,* 185 Md. 372, 378, 45 A. 2d 73; *Watkins v. Barnes,* 203 Md. 518, 102 A. 2d 295. The cases of *Rudolph v. Mosheuvel,* 37 App. D. C. 76, and *Bullock v. Spencer,* (D. C. 1953), 112 F. Supp. 147,

relied on by the appellant, are not helpful on the question here presented.

Of course, after removal for cause there would be no salary, no retirement, no pension or other perquisites. Conviction of the crimes charged certainly did not constitute "good behavior and efficiency", but was official misconduct under Section 543, *supra*. *Rudolph v. United States*, 6 F. 2d 487; *State ex inf. McKittrick v. Murphy*, 347 Mo. 484, 148 S. W. 2d 527. The Commissioner did not exceed his authority in dismissing appellant and revoking his retirement and pension. The demurrer was properly sustained.

*Judgment affirmed, with costs.*