[Civ. No. 26684. Second Dist., Div. Four. July 25, 1963.]

GEORGIANNE REESE, a Minor, etc., et al., Plaintiffs and Respondents, v. ADMINISTRATIVE COMMITTEE OF THE PROFIT SHARING TRUST created by WAYNE MANUFACTURING COMPANY et al., Defendants and Appellants.

Charles J. Katz and Louis C. Hoyt for Defendants and Appellants.

Jackson S. Niebrugge and Frank G. Brookings for Plaintiffs and Respondents.

KINGSLEY, J.—The facts involved are not in dispute, substantially all being stipulated and uncontroverted. On December 29, 1953, the Wayne Manufacturing Company (hereafter referred to as either ''Company'' or ''employer'') promulgated and created a profit sharing trust (hereafter referred to as ''Trust'') for the benefit of its then and future eligible employees. The trust instrument delegated to an administrative committee, composed of employees of the Company, the power to construe the Plan and Trust, and to determine all questions that shall arise thereunder. Plaintiffs' deceased husband and father, Warren G. Reese, was employed by the Company at the time of the creation of the Trust. An account in his name was opened and carried on the books of the trustee. As of December 31, 1958, there stood to the credit of such account the sum of $6,564.92.

However, during his lifetime, Reese had successfully concealed from the Company that, for at least the last 12 months immediately preceding the date of his death, he had

embezzled money from the Company in excess of $50,000. The Company did not learn of Reese's dishonesty and embezzlement until after his death. As soon as it did, it entered a discharge memorandum on its records "discharging Reese as of May 20, 1959," the day before his death, that being the last day on which he was present at the premises of the employer Company. The administrative committee, upon being apprised of the dishonesty and embezzlement of Reese, and of the Company's action when it learned of such misconduct, held a meeting and unanimously determined that no benefits were payable to plaintiffs under the Trust since Reese would have been ineligible to participate in the benefits thereof "according to Article 2, paragraph 5 of the Trust."[1]

Plaintiffs, claiming as Reese's designated beneficiaries, made demand for the entire sum of $6,574.92 credited to the account standing in his name, on the trustee's books. This demand was denied, and this action was then brought. The suit against the employer was dismissed and the action proceeded to trial only against the administrative committee and the trustee.

The trial court adopted the argument advanced by plaintiffs, and ultimately excluded from evidence, and rejected and refused to consider, all the stipulated facts, testimony and offers of proof relating to fraud, dishonesty and embezzlement of plaintiffs' deceased, as well as evidence and offers of proof relating to the intent of the trustor. The gist of plaintiffs' contention was that, since Reese died before his concealed fraud and misconduct could be discovered, his discharge therefore could not be effected during his lifetime, and his status as a participant in the Trust could not thereafter be questioned. They based this contention upon a provision in paragraph 2(b) of article V of the Trust, that upon the death of a participant his interest in the Trust becomes vested and nonforfeitable. Plaintiffs insist that, since Reese was not discharged during his lifetime, his interest became vested and nonforfeitable. Accordingly, judgment was entered in favor of plaintiffs, based on the above theory.

---

[1]Paragraph 5 of article II of the Trust provides:

"5. Notwithstanding anything to the contrary contained in this instrument, no Participant shall receive or be entitled to any rights or benefits, vested or otherwise, provided for in this Agreement if he shall be discharged from the service of the Company for dishonesty, disclosing confidential information of the Company, embezzlement, or on account of conviction of a felony, a crime involving moral turpitude, perjury, or any crime involving treason to the United States or any state or territory thereof."

■ Defendants are now appealing from the judgment, and from an order which granted plaintiffs' motion to strike portions of defendants' answer and affirmative defenses. No appeal lies from such an order. (*Couch* v. *McGregor* (1937) 19 Cal.App.2d 633 [66 P.2d 159].) But the ruling is before us on the appeal from the judgment. Therefore, the appeal from the order is dismissed. The remainder of the opinion is concerned only with the propriety of the appeal from the judgment.

■ Paragraph 6 of article I of the trust instrument, herein pertinent, provides: "The Committee shall have . . . power to construe said Plan and Trust to determine all questions that shall arise thereunder, including particularly questions submitted by the Trustee on all matters necessary for it properly to discharge its duties, powers and obligations, . . . *The decisions of the said Committee made in good faith upon any matter within the scope of its authority shall be final, . . .*" (Italics added.)

Paragraph 4 of article II specifically empowers the committee to determine the eligibility of an employee to participate in the Trust.

Section 2269 of the Civil Code provides: "A discretionary power conferred upon a trustee is presumed not to be left to his arbitrary discretion, but may be controlled by the proper Court if not reasonably exercised, *unless an absolute discretion is clearly conferred by the declaration of trust.*" (Italics added.)

One of the issues framed in the joint pretrial statement was "Did the Administrative Committee, in refusing payment to the beneficiaries designated by Warren G. Reese, or any of them, act in good faith, and in a uniform and nondiscriminatory manner, and if so, did it have the power to make such decision and to construe said Plan and Trust to determine the question as to whether said beneficiaries were entitled to any payment or benefits under said Profit Sharing Plan or Trust?"

We conclude that the action of the administrative committee was within its powers as set forth in the trust instrument. The effect of its action was as follows: (a) The committee, exercising its power under article II, paragraph 4, determined that a dishonest employee was not eligible to participate in the Trust, even though his dishonesty was not discovered until after his death; (b) this being so, the dishonest employee had, at the time of his death, no "interest"

to become vested. Plaintiffs conceded and stipulated that the committee made its decision in good faith. This stipulation, coupled with the provisions of Civil Code section 2269 above quoted, compels the conclusion that the decision of the administrative committee is final and binding on plaintiffs and on the courts. The situation here is the same as in the case of a general submission of a dispute to arbitration, as to which it has been said: "Parties who stipulate in an agreement that controversies that may arise out of it shall be settled by arbitration, may expect not only to reap the advantages that flow from the use of that nontechnical, summary procedure, but also to find themselves bound by an award reached by paths neither marked nor traceable and not subject to judicial review." (*Case* v. *Alperson* (1960) 181 Cal.App.2d 757, 759 [5 Cal.Rptr. 635].) It was error for the trial court to conclude that the construction of the trust instrument by the committee, and its determination of decedent's eligibility, could be set aside and the court's own construction and determination substituted.

Even if we did not deem ourselves bound by the action of the administrative committee, we independently would have reached the same result. We believe that the embezzlement of funds by an employee during his lifetime is a defense to any action by the beneficiaries of such employee to recover benefits under the profit sharing trust before us. It is the employee's misconduct, not the date of his discharge, that bars the right of his beneficiaries from sharing in any of the benefits of the Trust. It was stipulated, that Reese was guilty of concealment of conduct which would have necessarily resulted in his dismissal. Had he been so dismissed he would not have been entitled to any of the money credited to his account. (Paragraph 5, article II of the Trust, *supra*.) His concealment of such misconduct is tantamount to fraud practiced upon his employer. Since plaintiffs' deceased would not have been entitled to the money had he lived, because such fraud would have vitiated any vested right he claimed to the money; and since plaintiffs are claiming through the deceased as his designated beneficiaries, they can claim no better right than that possessed by the deceased. (Cf. *MacIntyre* v. *Retirement Board of San Francisco* (1941) 42 Cal.App.2d 734 [109 P.2d 962] ; *Van Coppenolle* v. *City of Detroit* (1946) 313 Mich. 580 [21 N.W.2d 903] ; *Bucher* v. *Ober* (1954) 204 Md. 568 [105 A.2d 480].)

For both the foregoing reasons, the judgment is reversed

with directions to vacate the order of June 30, 1961, and to enter judgment in favor of defendants.

Burke, P. J., and Jefferson, J., concurred.