Filed 9/21/15  Eng v. B.L.E. Fish CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| FRANKLIN ENG, | D066054 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2011-00102213-CU-MC-CTL) |
| B.L.E. FISH, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Dismissed.

Fischbach & Fischbach and Zachariah E. Moura for Plaintiff and Appellant.

Blanchard, Krasner & French and Thomas L. Gotfredson for Defendant and Respondent.

Plaintiff Franklin Eng appeals an order granting his motion to strike the amended answer filed, purportedly by special appearance, by B.L.E. Fish, Inc. (Fish Corp.) in his action arising out of alleged misappropriation of funds and other wrongful conduct by the managers of the Tin Fish restaurant in San Diego.  On appeal, Eng contends the trial

court, in granting his motion, erred by also dismissing Fish Corp. with prejudice from the action. However, because we conclude the court's order did not take that purported action and its order granting the motion to strike is not an appealable order, we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Eng filed a complaint against Michael Patrick Brown, Jerry Levy, Fish Corp. (doing business as the Tin Fish Gas Lamp), and unnamed Doe defendants. The complaint alleged that in 2006 Eng, Brown, and Levy entered into an oral joint venture agreement to acquire and operate a restaurant and bar in San Diego known as the Tin Fish Gas Lamp. They allegedly agreed that Brown and Levy would be the day-to-day operators and managers of the restaurant and receive a management fee of three percent of gross sales. Brown would receive a 57 percent interest in the joint venture, Levy a 33 percent interest, and Eng a 10 percent interest. They allegedly agreed the joint venture would own a corporation that would own the restaurant to limit their liability. They allegedly agreed not to receive salaries, but instead would take distributions on a quarterly basis, depending on cash flow. The complaint alleged that since late 2010 the defendants had refused to distribute any monies to Eng despite the restaurant's success. The first cause of action against all defendants sought the dissolution of the partnership, an accounting, and the appointment of a receiver. The second cause of action against all defendants sought damages for constructive fraud and/or breach of fiduciary duties. The third cause of action against all defendants sought damages for conversion.

2

In 2012, Eng filed a first amended complaint against Brown, Levy, Fish Corp., and unnamed Doe defendants, alleging the original three causes of action described above and two additional causes of action. Its fourth cause of action alternatively sought the involuntary dissolution and liquidation of Fish Corp. if it was found the joint venture or partnership did not exist. Its fifth cause of action was an alternative shareholder derivative action for breach of fiduciary duty if it was found Fish Corp., and not the joint venture, had the right of action against Brown and Levy for their wrongful conduct.

After the filing of the first amended complaint, the trial court apparently sustained a demurrer to the third cause of action and Eng voluntarily dismissed his fourth cause of action.[1] In April 2013, Eng filed a notice of errata purporting to remove Fish Corp. as a named defendant in the caption of the first amended complaint. In July 2013, Eng filed a request for dismissal, dismissing with prejudice Fish Corp., "as a DEFENDANT, only, in the caption of the First Amended Complaint." On July 18, the court clerk signed and entered that dismissal.

On August 23, the trial court (San Diego County Superior Court Judge William S. Dato) heard Eng's demurrers to cross-complaints filed by Brown, Levy, and Fish Corp., and his motion to disqualify counsel for Fish Corp. The court sustained the demurrers and denied the motion to disqualify counsel. In its minute order, the court stated:

---

[1] Although the parties do not cite to documents in the record on appeal showing those actions, they represent to this court those actions were, in fact, taken. Accordingly, for purposes of this appeal, we presume those actions were taken.

3

"In light of the corrections to [Eng's] first amended complaint *dismissing the corporation* [i.e., Fish Corp.] *as anything other than a nominal defendant*, Fish Corp. is granted ten days leave to file an amended answer." (Italics added.)

Regarding the motion to disqualify Fish Corp.'s counsel, the court stated:

"[Eng] seeks to disqualify . . . counsel for Fish [Corp.] on grounds that by filing a demurrer, answer, and cross-complaint, [it] has improperly taken sides in the derivative action against the interests of the corporation, which is the real party plaintiff on whose behalf the derivative claim is brought. As the court explained in *Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 'a nominal defendant corporation generally may not defend a derivative action filed on its behalf.' [Citation.] The question in this case is whether it has improperly done so.

"The fundamental problem with [Eng's] argument is [he was the] plaintiff [who] created the perceived necessity for Fish Corp. to respond to the FAC. *While a nominal corporate defendant may not generally defend against the merits of a derivative claim filed on its behalf, the FAC in this case did much more than name Fish Corp. as a nominal defendant.* In addition to a somewhat confused derivative claim pled in the alternative, the FAC alleges four other causes of action against 'all defendants' including Fish Corp. [Fish Corp.'s counsel] on behalf of the corporation was required to respond to these claims and did so appropriately.

"Even the fifth (derivative) cause of action is inexplicably against 'all defendants' and incorporates by reference many prior allegations from the first three causes of action, making [Eng's] intent far from crystal clear. [Citation.] Since the filing of these motions, [Eng] has attempted to correct some of the confusion by submitting a Notice of Errata Re Plaintiff's First Amended Complaint and a request to dismiss Fish Corp. as a defendant. But *this correction and dismissal*, which *the Court hereby approves and orders*, does not retroactively invalidate [Fish Corp.'s counsel's] prior actions on behalf of Fish Corp. that were, at the time, reasonable and appropriate. To the extent [Fish Corp.'s counsel] should have clarified that Fish Corp.'s demurrer and answer were not intended to substantively challenge the derivative claim, any deficiency in the pleadings is technical and not a sufficient basis to warrant disqualification. In light of the corrections and resulting

4

clarification, Fish Corp. may file an amended answer." (Italics added.)

On September 3, 2013, Fish Corp. filed, purportedly by special appearance, an amended answer to the first amended complaint. Fish Corp. later filed an objection to the proposed order submitted by Eng's counsel following the August 23 hearing. Eng then filed his instant motion to strike Fish Corp.'s amended answer filed purportedly by special appearance.

On November 1, 2013, the trial court issued a minute order to clarify its order issued following the August 23 hearing, stating:

> "The Court has reviewed [Fish Corp.'s] objection to the proposed order regarding the 8/23/13 ruling on the demurrers to Michael Brown, Jerry Levy, and [Fish Corp.'s] cross-complaint. The order submitted by [Eng's] counsel and signed by the Court on 9/3 is proper. *The Court's 8/23 minute order notes that* [Fish Corp.] *is only a nominal defendant in the First Amended Complaint. That finding remains in effect* even though it is not included in the subsequent order submitted by counsel. *Nor is it appropriate to state that* [Fish Corp.] *is dismissed from the action with prejudice.* [Eng's] request for dismissal requested [Fish Corp.] be dismissed as a defendant in the caption of the FAC. *Consequently, as noted in the 8/23 minute order,* [Fish Corp.] *is only a nominal defendant.*"
> (Italics added.)

On April 18, 2014, the trial court (San Diego County Superior Court Judge Katherine Bacal) heard Eng's motion to strike Fish Corp.'s amended answer. At that hearing, the court noted it had reviewed Judge Dato's previous order that found Fish Corp. had been dismissed with prejudice, except to the extent it is a nominal defendant. The court stated it did not believe it was necessary for Fish Corp. to file an answer. The court stated: "I do have the prior rulings of Judge Dato indicating that [Fish Corp.] is at

5

best a nominal defendant.  I would leave it at that."  The court's minute order stated it granted Eng's motion to strike Fish Corp.'s amended answer.  It explained: "Given [Eng's] dismissal of the corporate defendant, the Court finds the filing of an answer by [Fish Corp.] to be irrelevant and mere surplusage."  After quoting an excerpt from Judge Dato's August 23, 2013, ruling, the court stated: "Thus, even though [Fish Corp.] was dismissed as a named defendant, it was expressly permitted leave to file an Amended Answer to the extent it may remain involved as a 'nominal defendant.' "  Regarding Eng's instant motion to strike Fish Corp.'s amended answer, the court stated: "Given [Eng's] motion to strike this Answer and [Fish Corp.'s] objection to filing an answer, it appears the parties are in agreement that [Fish Corp.] is not required to file an answer.  The Court agrees with both parties."  The court granted Eng's motion to strike Fish Corp.'s amended answer.

On April 28, 2014, the trial court issued its written order granting Eng's motion to strike Fish Corp.'s amended answer, purportedly filed by special appearance.  In addition to granting Eng's motion to strike, the court further ordered that Fish Corp., "having been dismissed from this action with prejudice, need not file an Answer to [Eng's] First Amended Complaint nor take part in any further proceedings in this matter."  Eng timely filed a notice of appeal challenging the court's April 28, 2014, order.

DISCUSSION

I

*April 28, 2014, Order*

Eng's appeal apparently challenges only language in the trial court's April 28, 2014, order that purportedly dismissed Fish Corp. with prejudice from the action.  He

6

argues the court should have retained Fish Corp.'s involvement in the action as a nominal defendant to his derivative cause of action. However, as we discuss below, Eng misinterprets the language of the April 28, 2014, order, and his argument is based on a faulty premise.

A

In April 2013, Eng filed a notice of errata removing Fish Corp. as a named defendant in the caption of the first amended complaint. In July 2013, he filed a request for dismissal, dismissing with prejudice Fish Corp., "as a DEFENDANT, only, in the caption of the First Amended Complaint." In his August 28, 2013, minute order, Judge Dato recognized that those actions by Eng had the effect of removing Fish Corp. from the action "*as anything other than a nominal defendant*." (Italics added.) He then approved Eng's actions and ordered Fish Corp. be dismissed from the action, except to the extent it is a nominal defendant in his derivative cause of action. On November 1, Judge Dato issued a minute order clarifying his August 23 minute order, stating in part:

> "*The Court's 8/23 minute order notes that* [Fish Corp.] *is only a nominal defendant in the First Amended Complaint. That finding remains in effect* even though it is not included in the subsequent order submitted by counsel. *Nor is it appropriate to state that* [Fish Corp.] *is dismissed from the action with prejudice.* [Eng's] request for dismissal requested [Fish Corp.] be dismissed as a defendant in the caption of the FAC. *Consequently, as noted in the 8/23 minute order,* [Fish Corp.] *is only a nominal defendant.*" (Italics added.)

B

To the extent the parties to this appeal are confused regarding Fish Corp.'s status in this action as a nominal defendant to Eng's derivative cause of action, we briefly

7

discuss shareholder derivative actions and a corporation's relationship to that action. When management of a corporation fails to properly enforce all claims a corporation may have, the corporation's shareholders have the right to enforce those claims on its behalf. (*Jones v. H.F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 107.) "The shareholders may . . . bring a derivative suit to enforce the corporation's rights and redress its injuries when the board of directors fails or refuses to do so." (*Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1108 (*Grosset*).) A shareholder who files a derivative action on behalf of a corporation is merely a nominal party plaintiff because the corporation is the ultimate beneficiary of that action. (*Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 21.) "The corporation . . . [is] the real party plaintiff in the action." (*Russell v. Weyand* (1935) 5 Cal.App.2d 259, 260.)

"Though the corporation is essentially the plaintiff in a derivative action, '[w]hen a derivative suit is brought to litigate the rights of the corporation, the corporation . . . must be joined as a nominal defendant.' [Citation.] The corporation must be joined because 'its rights, not those of the nominal plaintiff, are to be litigated . . .' [citation], and to offer the real defendants res judicata protection from later suits. [Citation.] Naming the corporation a defendant, not a plaintiff, follows from the joinder rules: 'If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant . . . .' (Code Civ. Proc., § 382.) So 'although the corporation is made a defendant in a derivative suit, the corporation nevertheless is the real plaintiff . . . .' " (*Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 1004, fn. omitted (*Patrick*).)

8

Because a derivative action is filed on behalf of a corporation and not against it, the corporation is only a "nominal defendant." (*Patrick*, *supra*, 167 Cal.App.4th at p. 1004; *Grosset*, *supra*, 42 Cal.4th at p. 1108.) "The only reason the corporation is named a nominal defendant is its refusal to join the action as a plaintiff." (*Patrick*, at p. 1004.) "In a real sense, the only claim a shareholder plaintiff asserts against the nominal defendant corporation in a derivative action is the claim the corporation has failed to pursue the litigation." (*Ibid.*) "The conclusion follows that a nominal defendant corporation generally may not defend a derivative action filed on its behalf. The corporation may assert defenses contesting the plaintiff's right or decision to bring suit, such as asserting the shareholder plaintiff's lack of standing or the SLC [special litigation committee] defense. [Citations.] . . . [T]he corporation has no ground to challenge the merits of a derivative claim filed on its behalf and from which it stands to benefit." (*Id.* at p. 1005.)

C

In its April 28, 2014, order, the trial court granted Eng's motion to strike Fish Corp.'s amended answer. It also ordered that Fish Corp., "*having been dismissed from this action with prejudice*, need not file an Answer to [Eng's] First Amended Complaint nor take part in any further proceedings in this matter." In challenging that order, Eng misinterprets the meaning of the phrase italicized above. That phrase merely reflects the court's recognition of past actions in the lawsuit. The court was presumably referring to Eng's correction of his complaint and dismissal of Fish Corp. as a named defendant in the caption of his complaint, which actions were later approved and ordered by Judge Dato

9

on August 23, 2013.  Although the court's April 28, 2014, order did not fully and accurately describe the entirety of Judge Dato's prior ruling by omitting language referring to his finding that Fish Corp. remained a nominal defendant in Eng's derivative cause of action, that omission in the April 28, 2014, order did *not*, contrary to Eng's assertion, have the effect of dismissing with prejudice Fish Corp. from the action.  Rather, consistent with Judge Dato's previous ruling, Fish Corp. remained a nominal defendant in Eng's derivative cause of action.  Alternatively stated, Fish Corp. is necessarily a nominal defendant as long as Eng alleges a shareholder derivative cause of action.  (*Patrick*, *supra*, 167 Cal.App.4th at p. 1004; *Grosset*, *supra*, 42 Cal.4th at p. 1108.)  Furthermore, contrary to Eng's assertion, the April 28, 2014, order did not implicitly overrule Judge Dato's prior ruling.  The April 28, 2014, order did not have the effect of dismissing Fish Corp. as a nominal defendant.  Rather, it merely granted Eng's motion to strike Fish Corp.'s amended answer.  At oral argument, Fish Corp. conceded it remains a nominal defendant in this action for purposes of the derivative cause of action.

II

*April 28, 2014, Order Is Not Appealable*

Eng asserts the April 28, 2014, order is appealable because it dismissed Fish Corp. as a defendant with prejudice even to the extent it is a nominal defendant to his shareholder derivative cause of action.  However, as we concluded above, that order did

10

not dismiss Fish Corp. as a nominal defendant to his derivative cause of action.[2]  Rather, it merely granted Eng's motion to strike Fish Corp.'s amended answer.

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment."  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)  An appeal may be taken from a final judgment or an interim order expressly designated appealable by statute.  (Code Civ. Proc., § 904.1, subd. (a)(1)-(13); *In re Daniel K.* (1998) 61 Cal.App.4th 661, 671 [final judgments]; *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307 [appealable orders].)  Code of Civil Procedure section 904.1, subdivision (a)(2) through (13), sets forth those orders that are appealable (e.g., postjudgment orders).  However, that statute does not list an order granting a motion to strike an answer.  (Code Civ. Proc., § 904.1, subd. (a)(2)-(13).)  "Ordinarily an order striking an answer is not appealable, since appeal lies from the subsequent judgment against the party whose answer was stricken."  (*Administrative Management Services, Inc. v. Fidelity & Deposit Co.* (1982) 129 Cal.App.3d 484, 489; see also *Reese v. Administrative Committee* (1963) 218 Cal.App.2d 646, 649 [no appeal lies from order granting motion to strike portions of defendant's answer]; cf. *W.A. Rose Co. v. Municipal Court* (1959) 176 Cal.App.2d 67, 74 ["An order granting or denying a motion to strike a pleading is not appealable."].)

---

[2]  Also, to the extent the order referred to past actions in the lawsuit that purportedly "dismissed with prejudice" Fish Corp. from the action, the order itself did not take any action dismissing Fish Corp.  Rather, as discussed above, it incompletely and inaccurately described past actions in the lawsuit.

11

Because the April 28, 2014, order granting Eng's motion to strike Fish Corp.'s amended answer is not a final judgment and is not an appealable order, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.  The parties shall bear their own costs on appeal.


                                                                McDONALD, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.