[Civ. No. 15748. Third Dist. Jan. 26, 1977.]

JOHN R. FORDE, JR., as Executor, etc., Plaintiff and Appellant, v. KENNETH CORY, as State Controller, Defendant and Respondent.

---

**COUNSEL**

John R. Forde, Jr., in pro. per., for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and William J. Power, Deputy Attorney General, for Defendant and Respondent.

## Opinion

**FRIEDMAN, Acting P. J.**—This mandate action against the State Controller involves the amount of death benefits payable from the Judges' Retirement Fund to the survivors of a deceased superior court judge.

Plaintiff and appellant Forde is executor of the will of Judge Thomas Fraga, who served as judge of the Contra Costa Superior Court from 1957 until his death in February 1971. In 1969 Judge Fraga and his wife were divorced; he was awarded custody of their two minor sons. In September 1970 he filed with the Secretary of State a document designating appellant Forde as his trustee-beneficiary to receive his retirement funds if he died before retirement. The Judges' Retirement Law provided, as it still does, a lump sum death benefit for the designated beneficiary of a judge who died before retirement. The lump sum benefit consists of a refund of the accumulated contributions deposited by the judge during his lifetime (Gov. Code, § 75104)[1] plus a sum calculated by length of service but not exceeding one-half of the judge's last annual salary. (§ 75104.5.)

In 1961 the Legislature had adopted a plan permitting a judge to provide survivor benefits for his spouse if he died before gaining retirement eligibility. The new plan was described in article 5 of the Judges' Retirement Law. Section 75090 gave incumbent judges an election to select a monthly survivor allowance for the surviving spouse. Section 75092 required the judge to contribute an additional $2 per month to the retirement fund. Section 75091 fixed the amount of the survivor benefit. It called for an allowance equal to 1.625 percent of the monthly judicial salary for each year of the judge's service, but placed a ceiling of 37½ percent on the maximum allowance. The allowance was payable until the spouse died or remarried. (§ 75091.) The allowance was payable in lieu of—and not in addition to—the lump sum death benefit. The latter objective was expressed in the last sentence of section 75091, declaring: "If an allowance is paid under this section, no payment shall be made pursuant to Section 75104 or Section 75104.5."

The same objective was also expressed in section 75093, which stated that a spouse receiving a survivor's allowance "shall have no other claim with respect to . . . any other provisions of the Judges' Retirement Law."

---

[1]Section references in this opinion will be to the Government Code unless otherwise specified.

The survivor allowance legislation made no provision for a judge who died without a spouse but left dependent children. The 1970 Legislature adopted statutes establishing a parallel plan for surviving children. (Stats. 1970, ch. 1100.) The new legislation was collected in a new article of the Judges' Retirement Law, designated as article 5.1. Like the surviving spouse legislation, it permitted incumbent judges to elect to place their families within its terms. (§ 75095.) Like the surviving spouse law, it exacted a monthly contribution of $2. (§ 75097.) In section 75096, it fixed the surviving children's benefits by reference to those payable to surviving widows under section 75091. The first paragraph of section 75096 declared: "The monthly allowance payable pursuant to Section 75091 shall be paid to the guardian of surviving unmarried children while under 18 years of age or under the age of 22 and full-time students, of a judge who dies prior to retirement under this chapter without a surviving spouse or in the event that the surviving spouse of such a judge dies after his death. The amount paid shall be divided equally among the children."

The surviving children legislation became effective on September 23, 1970. Soon thereafter, in December 1970, Judge Fraga filed with the Secretary of State an election to come within its provisions. He died in February. 1971 without having retired. At the time of his death one of his sons was 18 years old, the other 16. Guardians were appointed and appellant Forde, as attorney for the guardians, applied to the State Controller for surviving children benefits and, in addition, for the lump sum death benefit provided by sections 75104 and 75104.5. Guided by an Attorney General's opinion, the Controller ruled that Judge Fraga's sons could not receive both allowances, that they were entitled to the monthly allowance for surviving children but not to the lump sum death benefit. Mr. Forde then filed the present mandate proceeding to compel the State Controller to pay the lump sum death benefit. The trial court sustained the Controller's position, denied relief and Forde appeals.

■ We dispose of a preliminary issue. The Attorney General argues that this lawsuit can't be maintained because appellant failed to precede it by a State Board of Control claim. Government Code section 905.2 requires a claim prior to a money action against the state on an express contract. The Attorney General relies on *Adler v. City of Pasadena,* 57 Cal.2d 609, 613-614 [21 Cal.Rptr. 579, 371 P.2d 315], holding that a money action to recover pension payments from a city was contractual and subject to the claim-filing requirement of the city charter. *Adler* is not in point. This mandamus suit would compel a state officer to perform

an express statutory duty; it is not a money action against the state and is outside the purview of the claims statute. (*County of Los Angeles* v. *Riley,* 20 Cal.2d 652, 662 [128 P. 537].)

■ We agree with the Attorney General's advice to the Controller. The statutory plans for surviving spouses and surviving children parallel, diverging only as to duration of the benefit period. As adopted in 1970, the surviving children law did not expressly deny payment of the lump sum benefit. Nevertheless, the exclusion was implicit. Of key significance is section 75096, the first paragraph of which we quoted earlier. It declares that the surviving children's monthly allowance shall be that "payable pursuant to Section 75091." The latter is the statute fixing the mathematical formula for surviving spouse benefits. As we have seen, it expressly designates the monthly survivor allowance as an alternative, not an addition, to the lump sum payment. By incorporating the terms of section 75091 in the surviving children statutes, section 75096 manifests a parallel design to exclude the lump sum benefit when the surviving children allowance is payable.

A statute adopted after Judge Fraga's death reinforces this interpretation of the law prevailing at his death. In 1973 the Legislature added section 75098 to the surviving children law. It provides in part: "If an allowance is paid under this article no payment shall be made pursuant to Section 75104 or Section 75104.5 . . . ." ■ Although the substantial amendment of a statute ordinarily infers an intent to change the law, statutory events often warrant the inference that the Legislature intended to clarify preexisting law. (*W. R. Grace & Co.* v. *Cal. Emp. Com.,* 24 Cal.2d 720, 729 [151 P.2d 215].) In view of its consistency with the result implicit in the earlier law, the 1973 amendment is only a clarification, not a change.

Appellant invokes the rule that ambiguous pension laws will be liberally construed in the applicant's favor. (*Wendland* v. *City of Alameda,* 46 Cal.2d 786, 791 [298 P.2d 863]; *LePage* v. *City of Oakland,* 13 Cal.App.3d 689, 695 [91 Cal.Rptr. 806].) That rule applies when the meaning of the pension law is doubtful. (*Wendland* v. *City of Alameda, supra.*) The cardinal principle, of course, is fulfillment of the legislative objective. When that objective is as distinct as it is here, the rule for resolving judicial doubt will be reserved for some other case. The law in

effect at the time of Judge Fraga's death did not permit the lump sum benefit sought by appellant.

Judgment affirmed.

Regan, J., and Reynoso, J., concurred.