[No. B003459. Second Dist., Div. Four. July 25, 1985.]

HARRIS E. HARRIS, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent.

640

---

COUNSEL

Bernard L. Allamano and Susan G. Kleinman for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Henry G. Ullerich and David W. Halpin, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

DUNN, J.*—

### FACTS

In 1976 appellant was employed as a clerical assistant with California State University at Los Angeles. On February 26, 1979, he sustained a work-related back injury for which he was treated at Kaiser Permanente Hospital. He was found to be temporarily disabled for the period from February 26, 1979 to May 14, 1979, by his Kaiser physician. He was provided a return to work order for May 14, 1979.

On March 22, 1979, appellant was referred to the State Compensation Employment Fund for examination by their physician. They advised him to return to work May 7, 1979.

On May 7, 1979, appellant considered himself still disabled but did not advise his employer he would not be returning to work that date. Appellant was advised on May 7, 1979, by the State Compensation Fund adjuster to file for adjudication of his claim with the Workers' Compensation Appeals Board, and appellant was told by the adjuster that he could not be terminated from his employment for filing such a claim. Appellant misinterpreted the statement to mean the employer would have no right to fire him if he so filed.

Appellant was considered by his employer to be absent without leave from May 8, 1979 to May 14, 1979, and was considered to have automatically resigned effective May 8, 1979, pursuant to Education Code section 89541[1]

---

*Assigned by the Chairperson of the Judicial Council.

[1]At that time Education Code section 89541 read: "Absence without leave of an employee, whether voluntary or involuntary, for five consecutive working days is an automatic resignation from state service, as of the last date on which the employee worked.

"An employee may within 90 days of the effective date of such separation file a written request with the State Personnel Board for reinstatement. If the appointing authority has notified the employee of his automatic resignation, any request for reinstatement must be in writing and filed within 15 days of the service of notice of separation. Notice may be personally served or it may be served by mail to the last known residence or business address of the addressee and is complete on mailing. Proof of service, either personal or by mail, shall be made by affidavit. Reinstatement may be granted only if the employee makes a satisfactory explanation to the board as to the cause of his absence and his failure to obtain leave therefor, and the board finds that he is ready, able, and willing to resume the discharge of the duties of his position or, if not, that he has obtained the consent of his appointing power to a leave of absence to commence upon reinstatement.

"Any employee so reinstated shall not be paid salary for the period of his absence or separation or for any portion thereof."

and appellant was duly notified. Meanwhile, appellant was found by his physician to be disabled through June 21, 1979.

On October 17, 1979, after a hearing on appellant's application for reinstatement after automatic resignation, the State Personnel Board made findings that appellant's mistaken belief regarding his claim was a satisfactory reason for appellant's absence from work without first obtaining consent. The petition for reinstatement after automatic resignation was denied, however, on the ground there was no showing appellant was ready, willing and able to return to work. The petition for rehearing was denied.

Appellant's successful petition for mandamus resulted in the State Personnel Board setting aside its decision of October 17, 1979, and issuance of its order that appellant be reinstated without back salary effective March 3, 1981. A petition for rehearing was denied. Another petition for mandamus resulted in the State Personnel Board amending its decision and issuing a new decision reinstating appellant in his employment position effective October 17, 1979, without back salary.

Appellant filed a supplemental petition for mandamus seeking an order for back salary for the period October 17, 1979, to March 19, 1981. A demurrer by the State Personnel Board was sustained and the petition for a writ denied on the ground that appellant had not complied with the requirement of Government Code section 905.2, subdivision (d)[2] to present a claim to the State Board of Control. Appellant's petition was dismissed with prejudice because appellant could not amend to allege compliance.

Appellant appeals from the denial of the writ of mandate.

I

We are required to determine whether an employee of some three years who is deemed to have constructively resigned from his position is entitled to an award of back salary upon his reinstatement to his position after a finding that his absence without leave was justified.

Education Code section 89541 provides that absence without leave by an employee, whether voluntary or involuntary, for five consecutive working

---

[2]Government Code section 905.2, subdivision (d) reads: "There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of this part all claims for money or damages against the state:

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(d) For which settlement is not otherwise provided for by statute or constitutional provision."

days constitutes automatic resignation. The absence is construed as an abandonment of the employment indicating an intent to resign the position. Under the provisions of the statute, the employee may be reinstated without backpay if he gives a satisfactory explanation to the State Personnel Board as to the cause of his absence and upon the board's finding that the employee is ready, able, and willing to resume work.

■ Respondent urges that notwithstanding the reinstatement of appellant to his employment position by the state board, appellant must pursue his claim for back salary under the Tort Claims Act (Gov. Code, § 810 et seq.) because what he seeks is "money or damages" arising out of an injury, compensation for which he cannot be paid precedent to the presentation of a claim and its rejection. For this reason, the respondent urges, appellant has not exhausted his administrative remedies and his petition must be denied.

Respondent's argument has no factual or legal basis. The Tort Claims Act has abolished common law tort liability with respect to government and replaced it with a wholly statutory scheme. The shield provided government expressly excludes actions arising on contract. (See Gov. Code, § 814 and *E. H. Morrill Co.* v. *State of California* (1967) 65 Cal.2d 787, 793 [56 Cal.Rptr. 479, 423 P.2d 551].) Appellant's claim is for wages he alleges are owed to him by his employer arising out of his contract of employment. He seeks no damages for tortious conduct. He seeks payment for services he was to have rendered and wages he would have earned but for his involuntary discharge and the long delay before reinstatement. His claim is not one for "money or damages" to which the notice-of-claims provisions of the act are applicable. (See Gov. Code, §§ 905, 905.2, subd. (d).) Those actions which seek injunctive or declaratory relief and certain actions in mandamus, such as appellant's action herein, and where money is an incident thereto, are exempted from the statute. (See *Snipes* v. *City of Bakersfield* (1983) 145 Cal.App.3d 861, 870 [193 Cal.Rptr. 760]; *Minsky* v. *City of Los Angeles* (1974) 11 Cal.3d 113, 121 [113 Cal.Rptr. 102, 520 P.2d 726]; *Forde* v. *Cory* (1977) 66 Cal.App.3d 434, 437-438 [135 Cal.Rptr. 903].) Back salary was clearly relief incidental to appellant's request for an order of reinstatement to his employment. His mandamus action, therefore, is not subject to demurrer for failure to comply with the Tort Claims Act. The ground for sustaining the demurrer being legally insufficient the demurrer to the petition for writ of mandamus should have been overruled.

## II

Respondent argues that the State Personnel Board has no discretion to order backpay by virtue of the mandate of the statute. ■ We observe

that in California there is a general policy favoring full backpay awards upon reinstatement to a position because the compensation awards are designed to make the employee whole. Numerous statutes in the Education Code provide for backpay remedies. By way of illustration, section 89540 provides for back salary payments for both tenured and probationary teachers whose dismissal, suspension, or demotion has been revoked or modified. Elementary education employees are entitled to backpay pursuant to section 44946; similarly employees in community college districts are protected by section 87739.5. (See *Ofsevit* v. *Trustees of Cal. State Universities & Colleges* (1978) 21 Cal.3d 763, 777, fn. 14 [148 Cal.Rptr. 1, 582 P.2d 88].

The statute upon whose authority appellant was dismissed from his employment has no provision for notice to the employee prior to the drastic act of termination even if his failure to report to work is involuntary. This raises the question of whether appellant was afforded minimum procedural due process prior to his dismissal. Our Supreme Court in determining the constitutionality of the disciplinary and punitive provisions of the California Civil Service Act (Gov. Code, § 18000 et seq.) (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774]) set forth certain minimum protections that must be afforded permanent civil service employees as a matter of procedural due process. The record before this court does not indicate if the appellant is an employee who is permanent, probationary, full time for an indefinite term, or some other tenure status. ■ Even assuming that appellant serves at the will of his employer and assuming that he may be terminated without cause, he is nonetheless entitled to certain minimum procedural due process protections prior to dismissal.

The situation in the case before the bench is notably similar to that in *Zike* v. *State Personnel Bd.* (1983) 145 Cal.App.3d 817 [193 Cal.Rptr. 766]. In *Zike,* a school counselor overdue from his honeymoon was involuntarily terminated pursuant to Government Code section 19503[3] whose provisions

---

[3]Government Code section 19503 was repealed by Statutes 1981, chapter 230, section 51 and recodified as section 19996.2.

Government Code section 19996.2 reads: "(a) Absence without leave, whether voluntary or involuntary, for five consecutive working days is an automatic resignation from state service, as of the last date on which the employee worked.

"A permanent or probationary employee may within 90 days of the effective date of such separation, file a written request with the department for reinstatement; provided, that if the appointing power has notified the employee of his or her automatic resignation, any request for reinstatement must be made in writing and filed within 15 days of the service of notice of separation. Service of notice shall be made as provided in Section 18575 and is complete on mailing. Reinstatement may be granted only if the employee makes a satisfactory explanation to the department as to the cause of his or her absence and his or her failure to obtain leave therefor, and the department finds that he or she is ready, able, and willing to resume the discharge of the duties of his or her position or, if not, that he or she has obtained the consent of his or her appointing power to a leave of absence to commence upon reinstate-

were substantially identical to Education Code section 89541. After some seven months, the counselor was reinstated to his school position but back-pay was not awarded as provided by the statute. The counselor petitioned for mandamus seeking to compel the State Personnel Board to set aside its decision to deny back salary. The trial court's denial of the petition was reversed on appeal. It was the view of the court that the automatic resignation aspect of the statute violated procedural due process in that it failed to provide adequate preremoval safeguards as is mandated by the California Constitution, article I, sections 7 and 15, and *Skelly* v. *State Personnel Bd.,* *supra,* 15 Cal.3d 194. The court remarked that the section ". . . should be strictly confined to those situations where the absence without leave is admitted [citations] or those situations where the employer reasonably believes an abandonment has occurred. [Citation.]" (*Zike* v. *State Personnel Bd.,* *supra,* 145 Cal.App.3d at p. 824.) In the case at bench, as in *Zike,* there was no factual basis upon which to conclude appellant was abandoning his employment. Appellant had been employed for almost three years and had been on disability for over two months. The employer had knowledge that he had been treated by doctors for the State Compensation Fund as well as Kaiser Permanente.

Respondent urges the theory of *Willson* v. *State Personnel Bd.* (1980) 113 Cal.App.3d 312 [169 Cal.Rptr. 823], that the failure of an employee to report to work or to first obtain leave is self-abdicating conduct which triggers the constructive resignation provision. The court in *Zike, supra,* 145 Cal.App.3d at page 823, at footnote 4 expresses its disapproval of this theory which asserts constructive resignation and denies there is governmental action which constitutes a deprivation of property for due process purposes. We hold that the failure to provide to the appellant, as a minimum, notice of the intent to terminate, with a statement of reasons therefor and with some opportunity for appellant to respond either orally or in writing constituted a violation of procedural due process and resulted in the deprivation of a fundamental property right of the appellant.

We recognize that the state has an interest in maintaining efficiency and discipline within its employment ranks and in this regard is entitled to establish procedures to insure the prompt removal of inadequate employees. Prompt removal, however, should not be instant removal without notice.

---

ment.

"An employee so reinstated shall not be paid salary for the period of his or her absence or separation or for any portion thereof.

"(b) If the provisions of this section are in conflict with the provisions of a memorandum of understanding reached pursuant to Section 3517.5, the memorandum of understanding shall be controlling without further legislative action, except that if such provisions of a memorandum of understanding require the expenditure of funds, the provisions shall not become effective unless approved by the Legislature in the annual Budget Act."

This is so inasmuch as the employee has a countervailing interest in continuing his employment, in avoiding the stigma of an involuntary discharge, and in avoiding the indignities and difficulties inherent in seeking new employment. There is no record before this court that appellant was an unsatisfactory employee; only that he was a disabled employee with a reasonable cause for his absence. It is our view that appellant was entitled to minimal procedural due process safeguards as enunciated in *Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d 194. (See also *Mendoza* v. *Regents of University of California* (1978) 78 Cal.App.3d 168 [144 Cal.Rptr. 117].)

Therefore, upon remand, the trial court should issue its peremptory writ of mandate directing the State Personnel Board to reconsider the petitioner's request for back salary in consideration of this opinion.

The order denying the writ of mandate is reversed.

Woods, P. J., concurred.

**ARGUELLES, J.**—I respectfully dissent:

Early in the recited chronology of events appellant presented a satisfactory excuse for his absence without leave to the State Personnel Board. He was eventually reinstated to his position as of October 17, 1979, a date certain for establishing possible fringe benefits. His further entitlement to back wages is the only remaining issue.

For the reasons stated in the majority opinion I agree that it was unnecessary for appellant to file a formal claim against the State (Gov. Code, §§ 810-996.6, inclusive) for the relief sought. The trial court should not have sustained a demurrer to appellant's petition on that sole ground.

However, I believe the petition was properly dismissed with prejudice under the mandate of Education Code section 89541.

To award appellant 17 months of claimed back wages the majority would find section 89541 unconstitutional as failing to provide an employee with minimal procedural due process prior to his dismissal. Yet, the parties have neither raised nor briefed the issue of the statute's constitutionality. "[W]e do not reach constitutional questions unless absolutely required to do so to dispose of the matter before us." (*Johnson* v. *Alexis* (1983) 143 Cal.App.3d 82, 85 [191 Cal.Rptr. 529], quoting *People* v. *Williams* (1976) 16 Cal.3d 663, 667 [128 Cal.Rptr. 888, 547 P.2d 1000].)

Even assuming it is proper to address the procedural due process aspects of section 89541, I do not reach the majority's conclusion.

Education Code section 89541 is virtually identical to Government Code section 19996.2, subdivision (a) (formerly Gov. Code, § 19503). The constitutionality of Government Code section 19503 was upheld in *Willson* v. *State Personnel Bd.* (1980) 113 Cal.App.3d 312 [169 Cal.Rptr. 823]. In ruling against the AWOL employee, the *Willson* court held that he had not been denied constitutional due process guarantees since it was his own act of remaining absent without leave that severed the employment relationship, and there was no abuse of discretion by the State Personnel Board since punishment is mandated by the statute and allows for no discretion.

*Zike* v. *State Personnel Bd.* (1983) 145 Cal.App.3d 817 [193 Cal.Rptr. 766], upon which the majority heavily relies, involved facts distinguishable from those of the instant case. In *Zike,* there was a bona fide factual dispute as to whether the employee, a school counselor, was actually absent without leave due to a pattern over several years of excused late returns from summer recesses, as well as conversations between the employee and other school officials which he might reasonably have interpreted as acquiescence in his tardiness.

The *Zike* court opined that under those circumstances—where a factual dispute regarding the authority for absence was presented—the harshness of Government Code section 19503 should not have been applied, and suggested that the case should have been initiated as an adverse action pursuant to the punitive provisions of Government Code section 19572, subdivision (j). (*Zike* v. *State Personnel Bd., supra,* 145 Cal.App.3d at p. 824.) "[W]e think the use of Government Code section 19503 should be strictly confined to those situations *where the absence without leave is admitted* [citations] or those situations where the employer reasonably believes an abandonment has occurred. [Citation.]" (*Zike* v. *State Personnel Bd., supra,* 145 Cal.App.3d at p. 824; italics added.)

Thus, the *Zike* court impliedly upheld the provisions of Government Code section 19503 should *either* of the foregoing conditions exist.

In the case at bar, Mr. Harris has at all times conceded that his absence was without leave. I find no basis in law or fact to expand upon the narrow interpretation of Government Code section 19503 made by the *Zike* court to scuttle Education Code section 89541.

I would affirm the order.

A petition for a rehearing was denied August 21, 1985. Arguelles, J., was of the opinion that the petition should be granted. Respondent's petition for review by the Supreme Court was denied October 24, 1985. Lucas, J., was of the opinion that the petition should be granted.