[No. B019928. Second Dist., Div. Six. July 3, 1987.]

JOANNE L. ALLEN, Plaintiff and Respondent, v.
DEPARTMENT OF PERSONNEL ADMINISTRATION, Defendant
and Respondent;
DEPARTMENT OF CONSUMER AFFAIRS et al., Real Parties in
Interest and Appellants.

**COUNSEL**

John K. Van de Kamp, Attorney General, and Steven M. Kahn, Deputy Attorney General, for Real Parties in Interest and Appellants.

Bennett Rolfe for Plaintiff and Respondent.

Talmadge R. Jones and Christine A. Bologna for Defendant and Respondent.

## OPINION

**GILBERT, J.**—The Department of Consumer Affairs and the Contractors' State License Board appeal the judgment of the trial court granting a writ of mandate reinstating petitioner Joanne L. Allen to employment. (Code Civ. Proc., § 1094.5.) We reverse the judgment and hold that the Department of Personnel Administration may invoke Government Code[1] section 19996.2 only when a state employee admits his absence was without permission or when the employer reasonably believes that the employee has abandoned his position. (*Zike* v. *State Personnel Bd.* (1983) 145 Cal.App.3d 817, 824 [193 Cal.Rptr. 766].) We also hold that the trial court must review the decision of the Department of Personnel Administration according to the substantial evidence rule.

### FACTS[2]

The Department of Consumer Affairs, Contractors' State License Board (the Board) employed Joanne L. Allen to investigate consumer complaints against contractors. During March and April 1982, Allen took two leaves of absence without pay to complete assignments. On April 23, 1982, her supervisor, Marvin Lefler, reprimanded her and wrote that future absences must be due to illness, supported by a physician's explanation for absences longer than one day. Allen employed an attorney to challenge the reprimand.

On April 30, 1982, Allen had several discussions with Lefler concerning the reprimand, her health and the emotional stress she suffered. Allen and Lefler discussed "the possibility" that Allen might obtain sick leave. Allen informed Lefler that she intended to visit her physician the next week. Lefler reminded Allen that a physician's certification was necessary for an absence longer than one day.

Lefler then spoke with Allen's attorney. Lefler stressed that a physician's statement would be required for extended sick leave but did not explain *when* the certificate must be presented. Lefler and the attorney agreed that

---

[1] All statutory references are to the California Government Code unless stated otherwise.

[2] The Department of Personnel Administration requests that we take judicial notice of the complete administrative record that it submitted to the trial court. We do, according to Evidence Code sections 452, subdivision (d), 453 and 459.

communications between Lefler and Allen would occur through the attorney and that pending the attorney's return from vacation, Lefler would take no disciplinary action against Allen.

Allen also spoke with her attorney that day and "understood" that he and Lefler had agreed that she would be placed upon sick leave. The attorney advised Allen to submit a physician's certificate to Lefler.

Allen failed to report for work or to telephone the office on May 4, 5, 6, 7, 10 and 11, 1982. On May 10 she telephoned her office to speak to another employee but disconnected when a secretary advised her that Lefler wanted to speak with her.

On May 5, she visited her physician who placed her on temporary disability due to "extreme emotional pressures." Her physician's chart noted that Allen suffered from occupational stress and from a tearing of gastric staples placed during prior stomach surgery.

On May 5, Lefler telephoned Allen several times but received no answer. He wrote her on May 6 stating that she had failed to report to work or to contract him since May 3. He reminded her that an employee must notify his or her supervisor at the beginning of each day of sick leave. He counseled that "[a]ny deviation from the above procedures in your attendance could result in Absence Without Leave (AWOL)." Allen received this letter on May 8 and delivered it to her attorney.

On May 7, an acting supervisor in the office questioned employee Michael Andres as to Allen's whereabouts. Andres telephoned Allen who informed him that she possessed a physician's certificate and that her daughter-in-law would visit the office and photocopy it. Later that day her daughter-in-law photocopied the certificate in the office, but declined to leave a copy. She announced that Allen would mail a copy to her supervisor. Andres advised the acting supervisor of the existence and future mailing of the physician's statement.

On May 10 and 11, Allen spent four hours investigating records at the Oxnard City Housing Authority. She also responded to an inquiry from a Congressman's aide concerning contractor complaints. Allen did not report to work on those days, however. Her job duties frequently were performed

in the field and Allen had rented a "hideaway" office so that she could work without interruptions.

Office employees were aware that absence due to illness required prior authorization and the presentation of a physician's statement for a lengthy illness. An employee usually would present the statement upon his return to work. Employees also knew that state law permitted the discharge of an employee who was absent without leave for five days. Allen's coworkers did not believe she intended to abandon her position by her absence, however.

On May 11, Lefler retrieved Allen's government automobile from the street aside her residence. When she telephoned Lefler the following day to inquire concerning the automobile, he informed her that she had been discharged because she was absent without leave for more than five days. (§ 19996.2.) Allen formally requested reinstatement and the State Personnel Board held a hearing and a rehearing.

The Department of Personnel Administration (the Department), empowered to decide issues of abandonment (§ 19816), denied Allen reinstatement. It decided that she did not satisfactorily explain her failure to obtain leave. The Department emphasized employees' knowledge that five days absence without leave could result in discharge under section 19996.2. The Department also stressed that Lefler had called and written Allen but she did not respond. Although she had a physician's certificate, she did not present it to Lefler within the five day period. In view of these factors, the Department decided that the Board could reasonably conclude that Allen abandoned her position. (*Zike* v. *State Personnel Bd., supra,* 145 Cal.App.3d 817, 824.) The Department also concluded that Allen could not return to work because she was disabled according to her recently filed worker's compensation claim for permanent hypertension.

Allen filed a petition for a writ of mandate with the trial court seeking reinstatement, backpay, and attorneys' fees. The trial judge found that the Board had no reasonable cause to believe Allen had abandoned her position. (*Zike* v. *State Personnel Bd., supra,* 145 Cal.App.3d 817, 824.) The trial judge emphasized that Allen, Lefler and her attorney had discussed that Allen would take sick leave and agreed that all communications would pass through the attorney. Allen's supervisor also knew that she had a physician's certificate because fellow employee Andres had so informed the acting supervisor. The trial judge also found that Allen's services at the Ox-

nard Housing Authority interrupted her five days absence. The trial judge granted a petition for writ of mandate ordering Allen's reinstatement with the Board, remanding the question of backpay to the Department for resolution, and reserving jurisdiction regarding attorneys' fees.

On appeal the Board argues that the trial judge employed the "independent judgment" test rather than the "substantial evidence" test and that the Department's findings are supported by substantial evidence. The Board also challenges the issues of backpay and attorneys' fees.

## DISCUSSION

### I.

Section 19996.2 provides that an employee's absence without leave, voluntary or not, for five consecutive days establishes resignation.[3] The law construes the employee's absence without leave as an abandonment of his position. Section 19996.2 provides, however, that an employee may be reinstated without backpay if he offers a satisfactory explanation for both his absence and his failure to obtain leave and if the Department finds that the employee is "ready, able, and willing" to resume his duties.

Section 19996.2 provides no notice to the employee before the employer dismisses him. Our Supreme Court has decided that permanent civil service employees must receive procedural due process prior to suffering sanctions under the disciplinary and punitive sections of the California Civil Service Act (§ 18000 et seq.). (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 215 [124 Cal.Rptr. 14, 539 P.2d 774].) The United States Supreme Court agrees, holding that the due process clause of the United States Constitution

---

[3] Section 19996.2 provides in part: "(a) Absence without leave, whether voluntary or involuntary, for five consecutive working days is an automatic resignation from state service, as of the last date on which the employee worked.

"A permanent or probationary employee may within 90 days of the effective date of such separation, file a written request with the department for reinstatement; provided, that if the appointing power has notified the employee of his or her automatic resignation, any request for reinstatement must be made in writing and filed within 15 days of the service of notice of separation. Service of notice shall be made as provided in Section 18575 and is complete on mailing. Reinstatement may be granted only if the employee makes a satisfactory explanation to the department as to the cause of his or her absence and his or her failure to obtain leave therefor, and the department finds that he or she is ready, able, and willing to resume the discharge of the duties of his or her position or, if not, that he or she has obtained the consent of his or her appointing power to a leave of absence to commence upon reinstatement.

"An employee so reinstated shall not be paid salary for the period of his or her absence or separation or for any portion thereof.

"(b) . . . ."

commands that a permanent government employee receive an opportunity for a hearing prior to his discharge. (*Cleveland Board of Education* v. *Loudermill* (1985) 470 U.S. 532, 546 [84 L.Ed.2d 494, 506, 105 S Ct 1487].)

The constitutional infirmities of section 19996.2 become apparent when an employee challenges whether his absences are authorized. Recent decisions have limited the reach of section 19996.2 (or similar Ed. Code, § 89541) to instances where the employee admits his absences were not authorized (*Willson* v. *State Personnel Bd.* (1980) 113 Cal.App.3d 312, 317 [169 Cal.Rptr. 823]) or where the employer reasonably believes the employee has abandoned his position. (*Phillips* v. *State Personnel Bd.* (1986) 184 Cal.App.3d 651, 658 [229 Cal.Rptr. 502]; *Harris* v. *State Personnel Bd.* (1985) 170 Cal.App.3d 639, 645 [216 Cal.Rptr. 274]; *Goggin* v. *State Personnel Bd.* (1984) 156 Cal.App.3d 96, 105 [202 Cal.Rptr. 587]; *Zike* v. *State Personnel Bd., supra,* 145 Cal.App.3d 817, 824.)

In *Zike, supra,* the state dismissed a school counselor who returned to school late after his honeymoon. Zike and the school authorities disputed whether his honeymoon leave was authorized. The school authorities had acquiesced to Zike's late arrivals for three prior school years. Zike did not intend to resign and his employer had no reason to believe he was resigning. The reviewing court decided that the automatic resignation provision of section 19996.2 (former § 19503) violated due process guarantees. (*Zike* v. *State Personnel Bd., supra,* 145 Cal.App.3d at pp. 822-824.) ■ It concluded that section 19996.2 must be confined to those instances where the employee admits his leave was without permission or where the employer reasonably believes the employee has resigned.

We agree with this limitation upon the reach of section 19996.2. Although the Department did not believe *Zike* applied, it nevertheless opined that even if it did apply, Allen's supervisor could reasonably believe she had resigned. Upon remand, the trial judge shall consider whether substantial evidence supports this conclusion.

## II.

■ The trial judge did not state whether he examined the evidence offered at the administrative hearing according to the "substantial evidence" or "independent judgment" test. Since he failed to refer to the findings or conclusion of the Department, however, we think he used the independent judgment test.

In 1981, the Legislature created the Department of Personnel Administration and decided that it would administer many of the matters formerly

administered by the State Personnel Board. (§ 19816.) Among those matters was the implementation of the constructive resignation section, section 19996.2 (formerly § 19503). The Legislature failed to specify, however, whether a trial court should review the findings and conclusion of the Department under the independent judgment or substantial evidence test.

■ Although a fundamental vested right is involved, the Legislature may mandate review of an agency's findings and conclusions under the substantial evidence test, provided the agency affords the applicant a fair procedure. (*Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 346 [156 Cal.Rptr. 1, 595 P.2d 579].) The Agricultural Labor Relations Act contains such a procedure.

■ Prior to the creation of the Department of Personnel Administration, trial courts reviewed the findings and conclusions of the State Personnel Board under the substantial evidence rule. (*Goggin* v. *State Personnel Bd., supra,* 156 Cal.App.3d 96, 103.) "[B]ecause the Board is a statewide administrative agency which derives its adjudicatory power from the California Constitution, its factual determinations are reviewed under the substantial evidence test regardless of the right or interest affected. (*Skelly* v. *State Personnel Bd.* [*supra*] 15 Cal.3d 194, 217, fn. 31.)" (*Ibid.*) Thus, review under the substantial evidence test occurred with constructive resignation. (*Ibid.*)

We do not think the Legislature meant to change this level of review by creating the Department. Our review of the history of the creating legislation discloses that its purpose was to centralize functions and authority in the new Department. (Governor's Message to Sen. (Jan. 29. 1981) 1 Sen.J. (1981-1982 Reg. Sess.) p. 228.) Had the Legislature meant to provide for review by the independent judgment test, it could have so stated in the enacting legislation. The creating legislation transferred duties of the State Personnel Board to the Department and empowered the Department to "[h]old hearings, subpoena witnesses, administer oaths, and conduct investigations concerning all matters relating to the department's jurisdiction." (§ 19815.4, subd. (e).)

The Department merely assumed the enforcement duties of the State Personnel Board, using their same adjudicatory machinery which was no less fair when used by the Department. From this we cannot conclude that the Department should function under a different set of rules. Here a hearing officer of the State Personnel Board conducted Allen's hearing although the Department made the decision. We conclude that the Legislature impliedly authorized the Department to make final factual findings in matters

of constructive resignation, an authorization it may constitutionally confer. (*Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd., supra,* 24 Cal.3d 335, 346.)

## III.

The trial judge properly remanded the issue of Allen's backpay to the Department for resolution. The amount of backpay Allen may receive depends upon her success in the trial court upon remand, her waivers of back pay in exchange for continuances during the administrative hearings, and the findings under the workers' compensation claim. In the event the trial judge concludes that Allen's employer had no reasonable cause to believe she abandoned her position, the Department may initiate punitive action against Allen for inexcusable absence without leave. (§ 19572, subd. (j); *Zike* v. *State Personnel Bd., supra,* 145 Cal.App.3d 817, 824.) Some loss of salary may be imposed under this disciplinary measure. (*Zike, supra,* at p. 825, fn. 8.)

Allen requested $1,500 attorneys' fees in her petition for writ of mandate, apparently pursuant to section 800. This section permits the recovery of attorneys' fees upon a finding of arbitrary or capricious action by the government. Upon remand, the trial judge shall determine also if the government acted arbitrarily or capriciously against Allen.

Accordingly, the judgment is reversed. The parties are to bear their own costs.

Stone, P. J., and Abbe, J., concurred.