Filed 10/2/20  Brown v. Cal. Unemployment Ins. Appeals Bd. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MARK A. BROWN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD et al.,<br><br>    Defendants and Respondents. | A155388<br><br>(City & County of San Francisco Super. Ct. No. CPF-12-512499) |

Plaintiff Mark Brown challenges for the second time on appeal the calculation of interest to which he is entitled on his award for wrongfully withheld unemployment insurance benefits. Defendants Employment Development Department (the department) and the California Unemployment Insurance Appeals Board contend that all issues regarding the calculation of interest were finally resolved in this court's prior decision in *Brown v. California Unemployment Ins. Appeals Bd*. (2018) 20 Cal.App.5th 1107 (*Brown*). We agree that our prior decision determined all relevant issues pertaining to the calculation of interest. Accordingly, we shall affirm the order denying Brown's motion which sought to compel calculation of interest in a manner different from previously directed by this court.

**Background**

In 2013, Brown successfully petitioned for a peremptory writ of administrative mandate directing defendants to "immediately" pay Brown "the unemployment insurance benefits that were withheld in the administrative proceedings in this matter plus interest on those benefits." The trial court directed the parties to "meet and confer as to the

amount of the award and the method of compliance" and retained jurisdiction to "fully resolve this matter."

By April 2014, the department had paid Brown more than $28,000 in benefits, including 10 percent interest on each withheld payment.

In October 2014, Brown filed a motion to enforce the writ claiming, among other things, that the department had underpaid interest by "refus[ing] to apply the rule that payments apply first to accrued interest, and interest continues to run on the resulting balance." In response, defendants argued that the department had actually overpaid interest. Defendants explained, "For judgments against the state, interest is not due for 180 days and is only payable at the rate of 7 percent. (Gov. Code, § 965.5, subds. (a) & (c).)[1] As soon as the court issued the writ and [the department] began paying principal, it paid interest, as well. [The department] did not take advantage of its right to wait 180 days to pay interest, and has paid interest at 10 percent rather than 7 percent, and has therefore overpaid its interest obligation." The trial court agreed that interest accrued at only 7 percent, so that the EDD had "overpaid, rather than underpaid, interest due" Brown. The trial court directed that the overpayment be subtracted from any outstanding payments but that Brown should not be required to repay any of the overpaid interest. Brown timely appealed the enforcement order.

In our prior decision, this court reversed the interest portion of the enforcement order and remanded for recalculation. We held that under Civil Code section 3289, subdivision (b), Brown was entitled to prejudgment interest at the rate of 10 percent from the time the payments became due until the writ was entered in May 2013. (*Brown, supra*, 20 Cal.App.5th at pp. 1116-1118.) Thereafter, Brown was entitled to postjudgment interest at the rate of 7 percent beginning 180 days after entry of the writ. (*Id*. at p. 1120, citing § 965.5, subd. (c) ["Interest on the amount of a judgment or settlement for the payment of moneys against the state shall commence to accrue 180 days from the date of

---

[1] All further statutory references are to the Government Code unless otherwise noted.

the final judgment or settlement."]; Cal. Const., art. XV, § 1 ["In the absence of the setting of such rate by the Legislature, the rate of interest on any judgment rendered in any court of the state shall be 7 percent per annum."].)

On remand, the department's forensic accountant calculated the interest due based on this court's decision and determined that the department overpaid Brown by $1,182.37. Brown disagreed and filed a second motion to enforce the writ, claiming that the department owed him more than a thousand dollars in additional interest. He argued that interest should be calculated at a rate of 10 percent until the payments were made and that the 180-day waiting period imposed by section 965.5, subdivision (c) is not applicable. The court denied Brown's motion, holding that the matter had been resolved in this court's prior decision by which it was bound.

Brown timely filed a notice of appeal.

## Discussion

The law of the case doctrine provides that " '[w]here an appellate court states a rule of law necessary to its decision, such rule " 'must be adhered to' " in any " 'subsequent appeal' " in the same case, even where the former decision appears to be " 'erroneous.' " ' [Citations.] Thus, the law-of-the-case doctrine 'prevents the parties from seeking appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances.' " (*People v. Boyer* (2006) 38 Cal.4th 412, 441.) The doctrine, however, "is one of procedure, not jurisdiction, and it will not be applied 'where its application will result in an unjust decision, e.g., where there has been a "manifest misapplication of existing principles resulting in substantial injustice." ' " (*Ibid.*)

Here, as set forth above, this court previously decided that Brown was due prejudgment interest at the rate of 10 percent until the May 23, 2013 writ was entered and that beginning 180 days after entry of the writ, Brown was entitled to postjudgment interest at the rate of 7 percent. (*Brown, supra*, 20 Cal.App.5th at pp. 1116, 1120.) On appeal, Brown argues that the writ was not a final judgment so that he was entitled to prejudgment interest until the payments were made and alternatively, that if the writ was

3

a final judgment, the 180 day waiting period in section 965.5 is inapplicable to these proceedings.

Initially, Brown contends that the only binding determination made in this court's prior opinion is that prejudgment interest should be calculated at 10 percent. The rest, he suggests, is dicta and subject to reconsideration. We disagree. Our prior opinion explicitly held that 7 percent interest on the unpaid balance should begin to accrue 180 days after entry of the writ. That determination was intrinsically part of this court's determination of the "correct rate of interest to be applied after a court determines that unemployment benefits have been wrongly withheld." (*Brown, supra*, 20 Cal.App.5th at p. 1111.)

We also reject Brown's argument that this court's prior determination that the May 2013 writ was a final judgment is subject to reconsideration because it has been undermined by intervening decisions. (*Davidson v. Superior Court* (1999) 70 Cal.App.4th 514, 530 [" ' "[W]here the controlling rules of law have been altered or clarified in the interval . . . and adherence to the previous decision would result in defeating a just cause, it has been held that the court will not hesitate to reconsider its prior determination." ' " (Italics omitted.)].) Citing *County of Los Angeles v. Los Angeles County Civil Service Com*. (2018) 22 Cal.App.5th 174, Brown argues that the writ was not a final judgment because the court ordered further proceedings to fix the amount of the payments and retained jurisdiction to finally resolve the matter. But *County of Los Angeles* did not alter existing law. It merely applied existing law to the circumstances before it. In that case, the court found that the trial court's order remanding proceedings to the Civil Service Commission to determine discipline of a county employee was an interlocutory order. The order was not appealable because the trial court deferred deciding whether the commission abused its discretion until after the Commission had reconsidered the matter. (*Id.* at pp. 184-187, citing *Dhillon v. John Muir Health* (2017) 2 Cal.5th 1109, 1115 [" ' "It is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left

4

for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." ' "].) Here, the court found that "although further efforts at enforcement may subsequently have been required in this case, the writ and related order were 'the final determination of the rights of the parties' and therefore a judgment." (*Brown, supra*, 20 Cal.App.5th at p. 1120.) There is no basis on which to reconsider this ruling.

Brown argues next that even if he is bound by the determination that the writ was a final judgment, the court did not determine that it was a final *money* judgment for purposes of postjudgment interest. However, whether the May 2013 writ was a final judgment for purposes of postjudgment interest was clearly raised, briefed and decided in the prior appeal. It is simply too late for Brown to assert otherwise. There is no reason for this court to reconsider whether the May 2013 writ constituted a final judgment for the purpose of awarding postjudgment interest.[2]

Turning to the applicability of the section 965.5 to the present proceedings, Brown contends that he is not bound by this court's prior decision because the matter was not briefed and was decided "without an opportunity for supplemental briefing as required by section 68081." While section 965.5 was not addressed in the appellate briefing, it was raised and relied on by defendants in the trial court proceedings that led to the prior

---

[2] Moreover, nothing in *United Educators of San Francisco, etc. v. California Unemployment Ins. Appeals Bd.* (2020) 8 Cal.5th 805, which Brown emphasized at oral argument, justifies reconsideration of our prior decision. In that case the Supreme Court held that issue preclusion did not bar reconsideration of a legal issue decided in prior litigation " 'if the public interest requires that relitigation not be foreclosed.' " (*Id.* at p. 812.) Not only was the procedural posture there very different—referring to a decision in prior litigation rather than in the same proceedings—but the public interest in the teacher compensation issue was far more significant than the calculation of postjudgment interest issue re-argued here.

5

appeal. Brown's failure in his appellate briefs to challenge that position, which was incorporated in this court's decision, does not deprive that decision of its finality. Nonetheless, having now considered the issue, we confirm that section 965.5 governs accrual of postjudgment interest in this matter.

Section 965.5, subdivision (b), provides that a "judgment for the payment of money against the state or a state agency is not enforceable under Title 9 (commencing with Section 680.010) of Part 2 of the Code of Civil Procedure, but is enforceable under this chapter."[3] "The Legislature's purpose in enacting subdivision (b) was 'to provide that execution and other remedies under the Code of Civil Procedure for enforcement of money judgments do not apply to enforcement of a money judgment against a local public entity. Such a judgment is payable under this article, and a writ of mandate is an appropriate remedy to compel payment.' " (*San Francisco Unified School Dist. v. San Francisco Classroom Teachers Assn.* (1990) 222 Cal.App.3d 146, 151; see also Code of Civil Procedure section 1095 ["[d]amages and cost" awarded in connection with the granting of a writ of mandate, "may be enforced in the manner provided for money judgments generally."].) Under subdivision (c) of section 965.5, "[i]nterest on the amount of a judgment or settlement for the payment of moneys against the state shall commence to accrue 180 days from the date of the final judgment or settlement." Under the plain language of these statutes, as previously decided by this court, a judgment that requires the payment of money in a mandate action against a government entity is enforceable under section 965.5. (*Brown, supra*, 20 Cal.App.5th at p. 1120; see also *City of Clovis v. County of Fresno* (2014) 222 Cal.App.4th 1469, 1482-1483 [§ 970.1, which mirrors

---

[3] See also Code Civil Procedure section 695.050 ["A money judgment against a public entity is not enforceable under this division if the money judgment is subject to Chapter 1 (commencing with Section 965) of, or Article 1 (commencing with Section 970) of Chapter 2 of, Part 5 of Division 3 .6 of Title 1 of the Government Code."]; Code Civil Procedure section 683.320 ["This chapter does not apply to a money judgment against a public entity that is subject to Section 965.5 or 970.1 of the Government Code."].

§ 965.5 but applies to local entities, applies to postjudgment interest in a writ of mandate matter].)

Brown cites no authority to the contrary. Instead, he relies on several cases in which the courts have held that a mandamus action seeking to compel a government entity's payment of benefits or backpay is not subject to the claims presentation requirements that are located in a different part of the Government Code. (See, e.g., *Eureka Teacher's Assn. v. Board of Education* (1988) 202 Cal.App.3d 469; *Harris v. State Personnel Bd.* (1985) 170 Cal.App.3d 639, disapproved on another point in *Coleman v. Department of Personnel Administration* (1991) 52 Cal.3d 1102, 1123, fn. 8; *Forde v. Cory* (1977) 66 Cal.App.3d 434.) None of these cases dealt with enforcement of a judgment for the payment of money against a government agency. There is no dispute that Brown was excused from the claims presentation requirement under section 905, subdivision (j).[4] This exclusion, however, did not render section 965.5 inapplicable.[5]

Accordingly, the trial court properly concluded that the department's calculation of interest was consistent with the *Brown* decision and denied Brown's motion for additional interest.

## Disposition

The order denying Brown's motion to further enforce the writ is affirmed.

POLLAK, P. J.

WE CONCUR:

TUCHER, J.
BROWN, J.

---

[4] Section 905, subdivision (j) excludes from the claims requirement "[c]laims arising under any provision of the Unemployment Insurance Code, including, but not limited to, claims for money or benefits, or for refunds or credits of employer or worker contributions, penalties, or interest, or for refunds to workers of deductions from wages in excess of the amount prescribed."

[5] See section 905 [exempting enumerated actions from presentation of claims in "accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910)"].